**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-457-D |
| | ) | |
| RYAN HEATH KITCHKO, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial and to Extend Pretrial Motion Deadlines [Doc. No. 20]. For the reasons set forth herein, the unopposed motion is **GRANTED**.

## BACKGROUND

Defendant is charged by indictment with four counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. No. 1]. Defendant appeared for arraignment before United States Magistrate Judge Shon T. Erwin on October 21, 2026, and was detained pending trial. [Doc. No. 13]. The case was set on the Court's December 1, 2026 jury trial docket. *Id.*

On November 23, 2026, Defendant filed the instant unopposed motion to continue the jury trial to the February 2027 jury trial docket and extend the pretrial motion deadlines to January 8, 2027. [Doc. No. 20]. Defense counsel represents the parties have been discussing potential resolution of this case, but Defense counsel needs additional time to

meet with Defendant "to review the discovery materials, discuss the case, consider plea offer and prepare for trial, if one is necessary." [Doc. No. 20, p. 2]. Defendant has executed an Acknowledgement and Waiver of Right to Speedy Trial [Doc. No. 20-1].

**ANALYSIS**

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons fully set forth in the motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the reasonable time necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and (C), and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice to Defendant, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is stricken from the December 1, 2026 jury trial docket and is rescheduled to the February 9, 2027 jury trial docket.

**IT IS FURTHER ORDERED** that the deadline to file pretrial motions is continued to January 8, 2027.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE